FILED

1/6/17      5:00 pm

Date              Time

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| VERTICAL CONCRETE POLISHING, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No. 6:17-CV-31-ORL-18-RRS |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| XIAOYU ABRASIVE, INC., | ) | |
| D/B/A UNIVERSAL POLISHING SYSTEMS | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

The Plaintiff, Vertical Concrete Polishing, Inc., states as its Complaint as follows:

### NATURE AND BASIS OF ACTION

1.      This is an action against Defendant Xiaoyu Abrasive, Inc., D/B/A Universal Polishing Systems, under the Federal Lanham Act, 15 U.S.C. § 1125, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, and the common law.

### THE PARTIES

2.      Plaintiff Vertical Concrete Polishing, Inc. ("VCP"), is a Georgia Corporation with a principal place of business at 90 Holly Tree Road, Carrolton, GA 30116.

3.      Upon information and belief, Defendant Xiaoyu Abrasive, Inc., D/B/A Universal Polishing Systems ("Defendant") is a Florida Corporation with its principle place of business at 4333 Silver Star Road, Suite 175, Orlando, Florida 32808 and a registered agent at 5647 110th Ave. North, Royal Palm Beach, FL 33411.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over this action because claims under the Lanham Act, 15 U.S.C. § 1051 et seq., arise under the Constitution, laws, or treaties of the United States pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over the remaining claims because it has original jurisdiction over the Lanham Act claims and all claims are so related that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367.

5.       This Court has personal jurisdiction over Defendant by virtue of the fact that Defendant is incorporated under Florida law, maintains continuous and systematic contacts with this district and division, places products in the stream of commerce within this district and division, and/or has established sufficient minimum contacts with Florida such that it is subject to personal jurisdiction in this Court.

6.       Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391.

7.       Further, upon information and belief, the Defendant has committed and is committing the acts set forth in this Complaint within the State of Florida and within this judicial district and division, and elsewhere throughout the United States that have caused injury to VCP in Florida, and is liable for such acts, rendering Defendant subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

8.       VCP has performed work in the industry of vertical concrete polishing, owns a patent related to the vertical concrete polishing industry, and has received accolades in the vertical concrete polishing industry.

9.     VCP and Defendant explored the possibility of entering into a relationship together in the field of vertical concrete polishing.  VCP and Defendant even shared booth space at an industry trade show related to concrete polishing.

10.    However, once partnership talks between VCP and Defendant fell apart, Defendant expanded its own business to directly compete with VCP.

11.    In expanding its own business into the field of vertical concrete polishing, Defendant intentionally traded off of industry knowledge of the parties' prior relationship, including the booth the parties shared at an industry trade show, and VCP's excellent reputation in the field of vertical concrete polishing for its own benefit and in an attempt to bolster Defendant's business.

12.    For example, on its website, Defendant is passing off instances of work VCP performed in the field of vertical concrete polishing as its own.  Additionally, on its website, on information and belief, Defendant is passing off VCP's machines as its own.

13.    Defendant has engaged in all of these acts in an attempt to trade off of VCP's goodwill, reputation, and name recognition.

14.    Defendant has engaged in all of these acts in an attempt to cause confusion, to cause mistake, or to deceive regarding its affiliation, connection, or association with VCP.

## CAUSES OF ACTION

### COUNT ONE:
### FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125.

15.     VCP realleges and incorporates herein the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     Defendant has used in commerce words and terms that are false or misleading descriptions of fact or false or misleading representations of fact.

17.     Defendant's false and misleading descriptions of fact or false and misleading representations of fact are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of VCP with Defendant as to origin, sponsorship, or approval of Defendant's good, services, and commercial activities.

18.     Defendant's false and misleading descriptions of fact or false or misleading representations of fact are used in commercial advertising or promotion and misrepresent the nature, characteristics, or qualities of Defendant's goods, services, and commercial activities.

19.     Defendants' acts, as set forth above, constitute a willful violation of Section 43(a) of the Lanham Act of 1946, 15 U.S.C. 1125(a).

### COUNT TWO:
### DECEPTIVE AND UNFAIR TRADE PRACTICES IN VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT, FLA. STAT. § 501.204

20.     VCP realleges and incorporates herein the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.     Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practice in the conduct if its trade and commerce.

22.     As summarized above, Defendant has portrayed VCP's work as its own and VCP's machines as its own, all in an attempt to mislead or deceive consumers into believing that Defendant is associated with VCP and to trade on VCP's good reputation in the vertical concrete polishing industry.

23.     Defendants' acts, as set forth above, constitute a willful violation of Fla. Stat. § 501.204.

## COUNT THREE:
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

24.     Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Upon information and belief, Defendant, with full knowledge of VCP's innovations, works and reputation, improperly and without privilege have represented to others that Defendant in fact has developed said innovations and completed said works.

26.     Upon information and belief, Defendant purposefully and maliciously claimed to have developed said systems and completed said works in an attempt to intentionally disrupt business relationships between VCP and others, and thereby injure VCP.

27.     Upon information and belief, Defendant's representations to others directly resulted in the cessation of business activities between VCP and its customers and/or potential customers to VCP's substantial detriment.

28.     VCP has suffered substantial financial injury as a direct result of Defendant's malicious and knowingly fraudulent claims.

29.     VCP is entitled to recover damages adequate to compensate VCP for the financial loss caused by Defendant's interference with VCP's business relations.

## PRAYER FOR RELIEF

WHEREFORE, VCP seeks the following relief:

a.    that Defendant be ordered to pay damages adequate to compensate VCP for its conduct under 15 U.S.C. § 1114;

b.    that Defendant be ordered to pay treble damages and attorneys' fees under 15 U.S.C. 1115;

c.    that Defendant be enjoined from any further use of VCP's works and innovations in a manner that is designed to confuse, mislead, or deceive the public under 15 U.S.C. § 1116;

d.    that Defendant be ordered to pay damages adequate to compensate VCP for its conduct under Fla. Stat. § 501.211

e.    that Defendant be enjoined from any further use of VCP's works and innovations in a manner that is designed to confuse, mislead, or deceive the public under Fla. Stat. § 501.211;

f.    that Defendant be ordered to pay attorneys' fees under Fla. Stat. § 501.2105;

g.    That the Court grant VCP prejudgment interest and costs; and

h.    That VCP receive such other and further relief against Defendant as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), VCP demands a jury trial of all issues properly triable to a

jury in this case.

THIS 6th day of January, 2017.

_____
Jeffrey M. Partlow, Esq.
FBN: 110627
Cole, Scott, & Kissane, P.A.
1900 Summit Tower Blvd., Ste. 400
Orlando, FL 32810
Telephone: (321) 972-0000
Facsimile: (321) 972-0099


Todd Deveau, Esq. (to be admitted *pro hac vice*)
Wesley Roberts, Esq. (to be admitted *pro hac vice*)
Thomas|Horstemeyer, LLP
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
Attorneys for Plaintiff,
Vertical Polishing Concrete, Inc.

4840-7982-2655, v. 1